SILBERMAN, Chief Judge.
Hilda Gira appeals a final judgment in favor of defendants Norma and John Wolfe. The trial court entered judgment after granting the Wolfes’ motion to en *415 force settlement in Gira’s negligence action arising from an automobile accident. Because the parties did not reach a binding settlement, we reverse and remand for further proceedings.
On July 6, 2010, an automobile accident occurred in which Norma Wolfe was driving and struck Gira, a pedestrian, causing Gira severe injuries. The Wolfes were insured under a policy issued by Southern-Owners Insurance Company that included bodily injury coverage. Southern-Owners is a subsidiary of Auto-Owners Insurance Company. Gira’s claim against the Wolfes was assigned to Jeremy Moore, a claims representative employed by Auto-Owners.
In a letter to Moore dated July 14, 2010, Gira’s attorney requested certain information, including “all the statements, documentation, and all of the information required to be disclosed pursuant to Section 627.4137, Florida Statutes, in the manner and form as required by statute.” As discussed below, section 627.4137, Florida Statutes (2010), provides for the disclosure to a claimant of insurance information for the insured. In a letter dated July 20, 2010, Moore tendered the policy limits of $50,000 for Gira’s injury claim, enclosing a check for payment and a release. In a letter to Gira’s attorney dated August 5, 2010, Moore enclosed a “Disclosure of Insured Information” which indicated that the Southern-Owners’ policy provided $50,000 coverage for bodily injury. The disclosure form further stated that “[ojther insurance which may be available to the above named insured which is known to Southemr-Owners at this time is as follows.” The space for other insurance to be listed was left blank.
In a letter dated August 6, 2010, Gira’s attorney returned the $50,000 check and release to Moore. Counsel explained that he had not yet completed his investigation and that Gira was not physically in a position to consider settlement. In November 2010, Moore contacted Gira’s attorney and asked if he had completed his investigation and if Gira was in a position to settle.
Gira’s attorney sent a letter to Moore dated December 7, 2010, that made a formal offer to settle all claims for the bodily injury policy limits of $50,000. The letter further stated that
[t]he offer and relevant conditions are as follows: in order to verify that we are receiving all available coverage, Auto Owners must also forward all documents, statements and all information required to be disclosed pursuant to Section 627.4137 Florida Statutes, in the manner and form required by the statute. Compliance with all conditions, including delivery of Auto Owners’ fifty thousand dollar ($50,000) policy limits, must be received in my office within 21 days from the date of this letter.
The letter also requested $440 for personal property lost in the accident. Further, the letter advised that Auto-Owners’ release form was not in the form approved by The Florida Bar, and Gira’s attorney enclosed an approved release. The letter informed Moore that “all conditions mentioned herein are material and should not be construed otherwise.”
In response by letter dated December 13, 2010, Moore stated that Gira’s demand gave numerous conditions as part of the settlement. Moore sought clarification to avoid confusion, not to make a counteroffer. Moore stated that the proper carrier was Southern-Owners, not Auto-Owners. He also clarified that the insureds were Norma and John Wolfe and requested that John Wolfe’s name be added to the release. By letter dated December 17, 2010, Gira’s attorney enclosed a corrected release that included Norma and John Wolfe.
*416 In a letter dated December 20, 2010, Moore enclosed checks for $50,000 and for $440. He indicated his agreement with the corrected release. Further, he stated, “Also,. per your request, enclosed is all information required to be disclosed pursuant to section 627.4137 of the Florida Statutes.” The disclosure of insurance information form again stated that “[o]ther insurance which may be available to the above named insured which is known to Southemr-Owners at this time is as follows.” Again, the area to list other policies was left blank.
On December 27, 2010, Gira’s attorney provided a further revised release form that included both Norma and John Wolfe and also added Southern-Owners, as Moore had requested. The release was not signed.
In a letter to Moore dated December 31, 2010, after the time to comply specified in the December 7 letter had expired, Gira’s attorney stated that
you have not fully complied with my previous demand letter regarding fulfilling the requirements of Florida Statute § 627.4137 otherwise known as Florida’s Insurance Disclosure Statute. Specifically, you have failed to provide me with a statement from the insured or the insured’s insurance agent stating the name and coverage of each known insurer [to] the claimant ... As you are aware, this disclosure is required under Florida’s Insurance Disclosure Statute and is crucial to determining if there is any other insurance that would be available to help pay for Ms. Gira’s substantial medical bills and other damages.
Gira’s attorney returned the settlement drafts and enclosed a courtesy copy of a complaint filed on behalf of Gira. The two-count complaint alleged negligence against Norma Wolfe in count I and dangerous instrumentality liability against John Wolfe in count II.
The Wolfes filed an answer and affirmative defenses that included the affirmative defense that Gira “made an offer of settlement which was accepted on behalf of the [Wolfes] prior to suit being filed and therefore there is an enforceable settlement agreement.” The Wolfes filed a motion to enforce settlement, and Gira filed a motion for partial summary judgment as to the settlement defense. After a hearing, the trial court rendered an order granting the Wolfes’ motion to enforce settlement. The trial court subsequently rendered a final judgment in favor of the Wolfes.
On appeal, Gira contends that the trial court erred in entering judgment for the Wolfes based on a settlement defense when they failed to comply with a material term of the settlement offer. Gira argues that she made the Wolfes’ disclosure of their insurance a material element of her settlement offer and that Southern-Owners’ statement that it knew of no other coverage did not satisfy the requirement that the Wolfes disclose coverage. Because the Wolfes did not provide all of the insurance disclosure information that was required by the terms of the offer, Gira asserts that the parties did not reach a settlement. We agree.
Gira’s settlement offer made it a condition that the insurer provide “all documents, statements and all information required to be disclosed pursuant to section 627.4137” and that the disclosure be “in the manner and form required by the statute.” The offer stated that all conditions stated in the offer were material. Section 627.4137(1) provides that a liability insurer shall provide a statement under oath setting forth certain information regarding each known policy of insurance within thirty days of a written request by a claimant. Section 627.4137(1) further provides as follows:
*417 In addition, the insured, or her or his insurance agent, upon written request of the claimant or the claimant’s attorney, shall disclose the name and coverage of each known insurer to the claimant and shall forward such request for information as required by this subsection to all affected insurers. The insurer shall then supply the information required in this subsection to the claimant within 30 days of receipt of such request.
The disclosure Southern-Owners made as the insurer stated only what it knew about the Wolfes’ insurance and did not contain a representation from the Wolfes or their insurance agent. And as to other insurance, the disclosure form was left blank. We reject the Wolfes’ argument on appeal that they met all the conditions of settlement because Gira did not object to the insufficiency of the insurance disclosure until after the time to accept the settlement offer had passed.
Contract law governs the interpretation of settlement agreements. Schlosser v. Perez, 832 So.2d 179, 182 (Fla. 2d DCA 2002); Cheverie v. Geisser, 783 So.2d 1115, 1118 (Fla. 4th DCA 2001). “Although the law favors settlement agreements and their enforcement whenever possible, the evidence must clearly demonstrate that there was mutual agreement to the material settlement terms.” Cheverie, 783 So.2d at 1119. “‘The making of a contract depends not on the agreement of two minds in one intention but on the agreement of two sets of external signs.’ ” Id. (quoting Robbie v. City of Miami, 469 So.2d 1384, 1385 (Fla.1985)). Here, the required mutuality of assent did not exist regarding the material term of the insurance disclosure. See Spring Lake NC, LLC v. Holloway, 110 So.3d 916, 918 n. 1 (Fla. 2d DCA 2013) (acknowledging that the term “meeting of the minds” traditionally has been used to describe the formation of a contract but noting that “criticism has prompted courts to analyze contracts as requiring a ‘mutuality of assent,’ as a more objective concept”).
By enacting section 627.4137, the legislature has recognized the importance of a claimant’s access to the type of insurance information covered in the statute in order for a claimant to make settlement decisions. Cheverie, 783 So.2d at 1119 (determining that production of the policy affidavit required by section 627.4137 was essential to a settlement acceptance and not a mere “technicality” when the plaintiff had made repeated demands for the policy affidavit). This court has also determined that an insurance disclosure in accordance with section 627.4137 was an essential term of a settlement offer in Schlosser, 832 So.2d at 183.
Schlosser made a settlement offer to the insurer that requested “all the information required by ” section 627.4137. Id. at 180. The offer stated that acceptance would be “only by strict performance and not a promise to perform by you and/or your insureds.” Id. at 180-81. The managing general agent for the insurer disclosed information regarding the insurer’s policy with the defendant, Perez; however, no further disclosure or disclaimer was made, even after a second request for the information, regarding whether Perez had other policies of insurance. The essential term at issue was “the requirement that Perez or his insurer disclose the name and coverage of each of his insurers in compliance with section 627.4137.” Id. at 182.
This court determined that an express reference to a request for all information required by section 627.4137 constituted a requested disclosure of each of the defendant’s known insurers. Id. at 183. The statute permits the request for disclosure “to be made to ‘the insured, or her or his insurance agent.’ ” Id. (quoting section 627.4137(1)). This court recognized that even if Schlosser had not objected to the lack of complete disclosure, “the insurance *418 disclosure is an essential term under Chev-erie. Because Perez failed to provide the disclosure, his acceptance was not identical to the essential terms of the offer.” Id. Therefore, without the acceptance of an essential term of the offer, there was no settlement. Id.
Here, Gira’s settlement offer contained in the letter of December 7, 2010, stated that a condition of the offer was the disclosure of all information required under section 627.4137. The letter further stated that all conditions were material. Section 627.4137(1) requires the insurer to provide information upon request regarding each known policy of insurance; it also requires the insured or the insurance agent to disclose each known insurer to the claimant. Although Southern-Owners disclosed information regarding its policy, it is undisputed that there was no disclosure from the Wolfes or their insurance agent about whether they had any additional coverage and no disclosure from Southern-Owners purporting to relay the Wolfes’ knowledge. Although Moore, as claims representative for Auto-Owners, may have had a subjective belief that he fulfilled the requirements of the offer, Gira was entitled to an acceptance of the offer that she made, including disclosure of all the information required by section 627.4137. That material term of the offer was not accepted, and the parties did not reach a settlement.
Therefore, we reverse the order granting the Wolfes’ motion to enforce settlement and the final judgment in favor of the Wolfes, and we remand for further proceedings.
Reversed and remanded.
NORTHCUTT and DAVIS, JJ„ Concur.